## FOSTER *et al v.* JACKSON *et al.*

1. CLIENT AND ATTORNEY. *Fees may be set off to client's demand. When.* Where fees are due an attorney for services rendered a person, who sues him for moneys collected and not paid over, such indebtedness will constitute a proper set-off against the plaintiff's demand.

2. EVIDENCE. *Pleading and Practice.* Proof should correspond with the allegations in the declaration, and a verdict, where such illegal testimony has been admitted, will be reversed, unless it clearly appears that the error has not prejudiced the party complaining. ·

### FROM DAVIDSON.

Appeal from the Law of Nashville. J. C. GUILD, Judge.

MALONE & MARTIN for plaintiffs.

R. L. CARUTHERS for defendant.

McFARLAND, J., delivered the opinion of the court.

Foster & McEwen, a law firm in Nashville, had in their hands for collection certain claims on Jackson and Adams due to other parties. To secure the payment of this indebtedness Jackson and Adams assigned and transferred to Foster & McEwen certain notes and judgments on third parties. A receipt or writing showing this transaction was signed by Foster & McEwen and Jackson and Adams. It specifies the claims assigned, and stipulates that Foster & McEwen were to use their best endeavors to collect said claims

28—VOL. 8.

and apply the proceeds to the payment of said indebtedness; and if anything remained, to pay the same to the order of Jackson and Adams. The claims on Jackson and Adams, intended to be secured by this arrangement, or part of them, remained unpaid, and they were subsequently sued on one of these claims. Jackson and Adams brought this action against Foster & McEwen to recover the amount alleged to have been collected on the claims transferred to them and not accounted for. The verdict and judgment were in their favor, and a new trial being refused the defendants, they have appealed in error. The court below, over the defendant's objection, admitted evidence tending to show that some of the claims transferred by the plaintiff to the defendants might have been collected if due diligence had been used, and also charged the jury that the plaintiffs would be entitled to recover the amount of any of these claims which the defendant might, with due diligence, have collected, though not in fact collected. This, we think, was erroneous. The case made in the declaration is, that the defendants collected the money and failed to pay it over, and the action is brought to recover the money thus collected. The averments are distinct, and admit of but one construction. While technical forms in pleadings are not now required, still the parties should be confined to the case made in the pleadings. The proof should correspond with the allegations. The parties ought not to be allowed to charge one case in their pleadings and prove a case substantially different. And we think a charge that

an attorney collected the money on a debt due his client, and failed to pay it over, is substantially different from proof that he did not collect the money, but might have done so with due diligence. But it is said the defendants were not prejudiced by this error; that the jury only included in their verdict the amount of money actually collected by the defendants and not paid over, and predicated nothing upon the ground of negligence in failing to collect other claims. But we cannot undertake to say that this is so. The illegal evidence was heard; the jury were told that they might predicate their verdict upon it, and we cannot know that they did not. It is different when we can see clearly that the error has not prejudiced the party. The next error assigned is, that the judge held in his charge that the defendants were not entitled to retain out of the money collected by them anything on account of their fees for collection. It seems that this has been so held in some cases, but it is certainly difficult to see the principle of this doctrine. The attorney's fee is an account of services rendered for the party who employs him. If not demanded or paid in advance, it certainly becomes due when the service is rendered. If, after this, the attorney is guilty of default in not paying over money of his client received by him, we do not see that he should thereby forfeit the fee already earned. His duty was to pay over the amount collected less his fees, and the proceedings against him is to compel him to do this. That the client is compelled to resort to legal proceedings to compel the payment of

the money, ought not, in principle, to alter the case, as this is no greater hardship than falls upon all plaintiffs who are compelled to resort to practical proceedings to enforce their rights. Under our law they do not receive any more in an action *excontractu* than they were entitled to receive without the action. If the attorneys in this case had paid the money without suit, they would have had the right to retain the fees; the plaintiffs would only have been entitled to the balance, and we think that the rights of neither party are enlarged or diminished by the bringing the suit, but the action is simply to enforce what the party was entitled to without suit. We hold that if the fees were due from the plaintiffs for services rendered for them, that they should be set off against the plaintiffs' demand.

Reverse the judgment.